MORGAN RICHARDS, RESPONDENT, v. WATSON FLAGG ENGINEERING COMPANY, APPELLANT.

Argued February 4, 1932—Decided May 16, 1932.

For the appellant, *James D. Carpenter, Jr.*

For the respondent, *Samuel Kent.*

PER CURIAM.

We conclude that the judgment should be affirmed, substantially for the reasons stated in the *per curiam* opinion of the Supreme Court.

We agree that in view of the fact that weight of evidence was argued on the rule to show cause in the trial court, a consideration of the action of that court in refusing to nonsuit or to direct a verdict for defendant was out of place in the Supreme Court and is out of place here. The suggestion now made that the rule in *Catteral* v. *Otis Elevator Co.,* 103 *N. J. L.* 381, should not apply to a case in which the trial took place and the rule was argued in the Common Pleas seems to us to be without merit.

The two instructions to the jury considered by the Supreme Court on page 957 of 9 *N. J. Mis. R.,* are reargued here, and we agree that no error is shown. The fallacy in appellant's argument is in the assumption that plaintiff was not lawfully on the plank at the time defendant was using it. This was at least a matter for the jury; and the instructions objected to were predicated on a finding by the jury that plaintiff was lawfully where he was.

As to the testimony of Freeman in relation to the strength of the plank or timber, we have examined it with care and do not find harmful error. Freeman testified to sixteen or seventeen years' experience in looking after the safety of

men in this kind of work and considered himself qualified. He made no pretensions to an engineer's knowledge of strength of materials, but did claim to be qualified to say what was the limit of a safe load on such a timber, with such a span, as appeared in the case. The court decided that he was qualified to answer, there was evidence to support that finding, and hence no error in allowing the answer. After he had answered there was further cross-examination on his qualifications; but whatever its result it came too late for any effect except on the value of his testimony. There was some confusion in the objections, colloquy, and rulings, but the above is the substance of the matter.

Requests 4 and 10, refused by the trial court, were presented in the Supreme Court as proper, apparently without specific argument. They are argued here more at length but we agree with the Supreme Court that they are not well founded in law.

The judgment is affirmed.

*For affirmance*—PARKER, CAMPBELL, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 11.

*For reversal*—None.